JL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Omar Gonzalez-Carralero,<br><br>Petitioner,<br><br>v.<br><br>Unknown Party,<br><br>Respondent. | No.   CV-26-01028-PHX-SHD (JZB)<br><br>**ORDER**<br>**AND**<br>**ORDER TO SHOW CAUSE** |

Petitioner filed this pro se action under 28 U.S.C. § 2241 challenging his immigration detention but did not pay the $5.00 filing fee or file an Application to Proceed In Forma Pauperis. The Court will give Petitioner an opportunity to either pay the filing fee or file an Application to Proceed In Forma Pauperis. The Court will dismiss Grounds Two and Three of the Petition and require Respondent to show cause why Ground One should not be granted.

**I.     Failure to Pay Filing Fee**

Rule 3.5(c) of the Local Rules of Civil Procedure requires that "[i]f a habeas corpus petitioner desires to prosecute the petition in forma pauperis, the petitioner shall file an application to proceed in forma pauperis on a form approved by the Court, accompanied by a certification of the warden or other appropriate officer of the institution in which the petitioner is confined as to the amount of money or securities on deposit to the petitioner's credit." Rule 3.5(c) also requires payment of the $5.00 filing fee if a petitioner has in excess of $25.00 in his inmate account.

## II.     Petition

Petitioner was detained on March 24, 2012, and was released on his own recognizance on September 20, 2012, pending his immigration proceedings. On December 26, 2025, Petitioner was re-detained by Customs and Border Protection officials without a pre-deprivation hearing.[1]  Petitioner asserts three grounds for relief in the Petition.

In Ground One, Petitioner contends he is subject to "unlawful prolonged immigration detention without a foreseeable removal date." He claims his prior period of detention in 2012, "combined with [his] current detention," demonstrate prolonged custody without meaningful progress toward removal. Petitioner asserts that Immigration and Customs Enforcement (ICE) has not provided him a bond hearing or an adequate custody review, despite the length of detention.

In Ground Two, Petitioner contends that while he was detained at an ICE facility in Louisiana, ICE officials lost or misplaced his personal property, which has not been returned to him. He claims the loss of his personal property has "interfered with his ability to communicate, access personal materials, and prepare legal filings while detained."

In Ground Three, Petitioner asserts he is detained under conditions that endanger his health and safety and violate his right to due process. He claims that while he was detained in Michigan, he became seriously ill and was diagnosed with pneumonia. Petitioner asserts that he remained confined and was transferred between facilities, further exacerbating risks to his health and recovery. He contends his continued detention under these conditions demonstrates that his custody has "become punitive rather than civil in nature" and "violates basic standards of due process [and] humane treatment."

Petitioner asserts that he has not been provided a meaningful opportunity to appeal his continued detention or a bond hearing, and there is no foreseeable removal date. He

---

[1] On January 2, 2026, Petitioner filed a § 2241 petition in the United States District Court for the Western District of Michigan. On January 27, 2026, the district court dismissed the petition.

1  seeks immediate release from custody, or, in the alternative, a prompt bond hearing before
2  an Immigration Judge.
3        Grounds Two and Three pertain to Petitioner's conditions of confinement. Claims
4  relating to medical conditions or the conditions of a person's confinement are not properly
5  brought in a habeas corpus action but are instead construed as civil rights claims. *See*
6  *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity
7  of any confinement or to particulars affecting its duration are the province of habeas corpus;
8  requests for relief turning on the circumstances of confinement may be presented in a [civil
9  rights] action.") (citation omitted). The Court will therefore dismiss Grounds Two and
10 Three.
11       With respect to Ground One, numerous courts have concluded individuals like
12 Petitioner, who were released from immigration detention, are entitled to a pre-deprivation
13 hearing prior to any rearrest or detention as a matter of due process. *See, e.g., J.C.E.P. v.*
14 *Wofford*, CV-25-01559-EFB (HC), 2025 WL 3268273, *6 (E.D. Cal. Nov. 24, 2025)
15 (collecting cases); *Ramirez Clavijo v. Kaiser*, CV-25-06248-BLF, 2025 WL 2419263, at
16 *6 (N.D. Cal. Aug. 21, 2025) ("Petitioner thus has shown a likelihood of success on the
17 merits of her claim that she is entitled to a pre-deprivation hearing before a neutral
18 decisionmaker prior to any re-arrest or detention under the Due Process Clause."); *Singh*
19 *v. Andrews*, CV-25-00801-KES-SKO (HC), 2025 WL 1918679, at *8 (E.D. Cal. July 11,
20 2025) ("On balance, the *Mathews* factors show that petitioner is entitled to process, and
21 that process should have been provided before petitioner was detained.").
22       Respondent must show cause why the Petition should not be granted. Any response
23 must be supported by documentary evidence including, if applicable, affidavits by
24 individuals with personal knowledge of the factual statements made therein and signed
25 under penalty of perjury.
26 . . . .
27 . . . .
28 . . . .

### III. Warnings

#### A. Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

#### B. Copies

Petitioner must serve Respondent, or counsel if an appearance has been entered, a copy of every document he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

#### C. Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Within **30 days** of the date this Order is filed, Petitioner must either pay the $5.00 filing fee **or** file a complete Application to Proceed In Forma Pauperis.

(2) If Petitioner fails to either pay the $5.00 filing fee or file a complete Application to Proceed In Forma Pauperis within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Petitioner and deny any pending unrelated motions as moot.

(3) Grounds Two and Three of the Petition are **dismissed**.

(4) The Clerk of Court must serve a copy of the Summons, the Petition (Doc. 1) and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to

Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure.  The Clerk of Court must also send by certified mail a copy of the Summons, the Petition, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondent pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(5) The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

(6) Respondent must show cause no later than **February 26, 2026**, why Ground One of the Petition should not be granted.

(7) Petitioner may file a reply no later than **March 5, 2026**.

(8) The Clerk of Court must mail Petitioner a court-approved form for filing an Application to Proceed In Forma Pauperis (Habeas).

Dated this 19th day of February, 2026.

_____
Honorable Sharad H. Desai
United States District Judge

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

_____ ,

Petitioner,

v.

_____ ,

Respondent(s).

**CASE NO**. _____

**APPLICATION TO PROCEED
IN FORMA PAUPERIS
BY A PRISONER
(HABEAS)**

I, _____, declare, in support of my request to proceed in the above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for these proceedings or to give security therefor and that I believe I am entitled to relief.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently employed at the institution where you are confined?   ☐Yes   ☐No
   If "Yes," state the amount of your pay and where you work. _____
   _____
   _____

2. Do you receive any other payments from the institution where you are confined?   ☐Yes   ☐No
   If "Yes," state the source and amount of the payments. _____
   _____
   _____

3. Do you have any other sources of income, savings, or assets either inside or outside of the institution where you are confined? ☐Yes ☐No
If "Yes," state the sources and amounts of the income, savings, or assets. _____
_____
_____

I declare under penalty of perjury that the above information is true and correct.

_____        _____
         DATE                                    SIGNATURE OF APPLICANT

---

CERTIFICATE OF CORRECTIONAL OFFICIAL
AS TO STATUS OF APPLICANT'S TRUST ACCOUNT

I, _____ , certify that as of the date applicant signed this application:
      (Printed name of official)

The applicant's trust account balance at this institution is:   $_____ .

_____
DATE           AUTHORIZED SIGNATURE           TITLE/ID NUMBER              INSTITUTION